IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA B. TOODLE,     Plaintiff, | § § § | 3:11-CV-2985-N |
| v. | § § | |
| UNITED STATES SENATE, ET AL.,     Defendants. | § § § | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### BACKGROUND

Plaintiff resides in Washington, D.C. She filed this unspecified complaint against the United States Senate, the Marshal Service, Treasury Secretary Tim Geithner, the University of Maryland and others. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The Court did not issue process, pending preliminary screening.

Plaintiff's complaint is rambling and unclear. She states she has a bank account with Queen Elizabeth that has "$42 zillion dollars." She states Congress, the Marshal Service and others are controlling this account. She alleges the University of Maryland is conducting cancer research on her against her will and her family is being tortured. She seeks access to the "$42 zillion dollar" account, and an order that Defendants buy her a house.

**DISCUSSION**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Plaintiff's complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is warranted under these circumstances. *See, e.g., Patterson v. U.S. Government*, No. 3:08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that plaintiff received messages through the television to return to her husband, that she was being tracked by a remote control bracelet and that someone at a family crisis center threatened to put her in a dungeon); *Melton v. American Civil Liberties Union*, No. 3:07-CV-856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging ACLU and its attorneys, acting as Russian agents, violated plaintiff's civil rights by using the courts to attack the United States Constitution and set up a Communist government); *Daniel v. FBI*, No. 3:03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States). The Court

recommends that Plaintiff's complaint be dismissed.

## RECOMMENDATION

The Court recommends that the complaint be dismissed with prejudice pursuant to the 28 U.S.C. § 1915(e)(2).

Signed this 13th day of December, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).